JOHN C. MORRISON, Respondent, *v.* J. J. O'REILLY
ET AL., Appellants.

1. Denials in the Answer, Form of.—The mere form of the denials in the answer is not material; it is sufficient if the denials meet and traverse the allegations of the complaint.

Appeal from the Third Judicial District Court. The facts are stated in the opinion.

*Tilford & Hagan,* for appellants.

Where an action is brought upon an account stated, the stated account, if denied, must be proved before plaintiff can recover. *Melchoir* v. *McCarty,* 31 Wis. 252; *Racovillot* v. *Rene,* 32 Cal. 450; *DeWitt* v. *Porter,* 13 Cal. 171; *Abadie* v. *Carillo,* 32 Cal. 174; *Hawkins* v. *Borland,* 14 Cal. 413; *Stout* v. *Coffin,* 28 Cal. 65; 2 Greenleaf's Ev. §§ 126, 127, and cases cited; *Beuhler* v. *Reed,* 11 Iowa, 182.

There is no allegation in the complaint that any amount is due in gold coin—still the judgment is for gold coin. A judgment that is not supported by the pleadings is as fatally defective as one which is not supported by the evidence. *Bachman* v. *Supelveda,* 39 Cal. 688; *Goldsmith* v. *Sawyer,* 46 Cal. 209.

A promise to pay in " gold coin " is alleged. This is denied by the answer, and is a material issue in the case. *Wallace* v. *Eldredge,* 27 Cal. 498; *McComb* v. *Reed,* 28 Cal. 281; *Burnett* v. *Stearnes,* 33 Cal. 156; *Morse* v. *Del. Valle,* 28 Cal. 170; *Mendocino Co.* v. *Morris,* 32 Cal. 145; *Howard* v. *Roeben,* 33 Cal. 399; *Curiac* v. *Abadie,* 25 Cal. 502; *Reese* v. *Stearnes,* 29 Cal. 273.

A promise to pay interest above the legal rate is also alleged and denied by the answer. The judgment allowing interest is erroneous. *Atherton* v. *Fowler,* 46 Cal. 320; *Goldsmith* v.

*Sawyer*, 46 Cal. 209; Compiled Laws of Utah, p. 170, § 380; *Cavender* v. *Guild*, 4 Cal. 251.

Where the answer contains a distinct denial of a fact material to plaintiff's recovery, it cannot be treated as a nullity so as to entitle plaintiff to judgment on the pleading. *Ghirardelli* v. *McDermot*, 22 Cal. 539; *Espinosa* v. *Gregory*, 40 Cal. 56; *Nudd* v. *Thompson*, 34 Cal. 39; *Moore* v. *Murdock*, 26 Cal. 524; *Hill* v. *Smith*, 27 Cal. 476.

*L. Burnes*, for respondent.

"The answer in this case does not explicitly traverse the material allegations of the complaint, and is therefore sham within the meaning of the statute." *Gay* v. *Winter*, 34 Cal. 153.

The issues in the answer are attempted to be presented by conjunctive denials, and consequently may be regarded as irrelevant and immaterial. *Kuhland* v. *Sedgwick*, 17 Cal. 127.

The answer should have been "direct, full and definite in each denial, separately denying each material allegation intended to be denied, so as to leave no doubt as to which allegation in the complaint the denial was intended to affect." *N. Y. Central Ins. Co.* v. *Nat. Prot. Co.*, 20 Barb. 468; Seeney's Ohio Code, 127, *Ib.* 204.

"Each answer must stand by itself." *Ibid.*

The answer in this case professes to answer the whole complaint, but the "conjunctive denials destroy one another and leave part of the complaint unanswered; hence is demurrable and the plaintiff entitled to judgment." *Fry* v. *Bennett*, 1 Code Rep. N. S. 238; *Ib.* 316.

EMERSON, J., delivered the opinion of the court:

The question raised by this appeal is as to the sufficiency of the answer.

An inspection of the answer shows very clearly that most if not all the allegations of the complaint are specifically denied. The mere form of the denials is not material if they meet and traverse the allegations in the complaint. In this

case the denials are not evasive, but fairly meet the issues tendered by the complaint. The demurrer to the answer should have been overruled.

The judgment of the court below is reversed, with costs.

SCHAEFFER, C. J., and BOREMAN, J., concurred.